**Adhurim DYLGJERI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 03–41079–ag.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Marialarrie Alinsunurin, Christophe & Associates, P.C., New York, NY, for Petitioners.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Adhurim Dylgjeri, a citizen of Albania, seeks review of a November 19,

2003 order of the BIA affirming the August 21, 2002 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adhurim Dylgjeri,* No. A79 319 014 (B.I.A. Nov. 19, 2003), *aff'g* No. A79 319 014 (Immig. Ct. N.Y. City Aug. 21, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms the IJ's decision in a brief opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Legal issues, and application of law to fact, are reviewed *de novo. See id.* at 307. We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding in this case, because Dylgjeri's testimony and asylum application were sufficiently contradictory to prevent the IJ from determining how many incidents of harm he experienced, or how severe each incident was. Dylgjeri listed six adverse encounters with the police in his asylum application, but testified at his hearing that he had been arrested four times, and beaten once without an arrest. Neither the dates nor the circumstances of each incident matched up between his application and his hearing testimony. For example, he wrote in his application that he was arrested on July 3, 1997, during the Legality Movement Party's protest of the results of a referendum, and detained for two days, whereas he testified at his hearing that the protest and arrest took place on July 27, 1997, and that he was detained for only ten hours. When asked to explain this discrepancy, he first claimed that the date in his application was a mistake, then claimed that there had been two arrests. In addition, he wrote in his application that the final beating that inspired him to leave Albania took place in January 2001, and did not mention any lasting injuries, whereas he testified that this beating—during which his arm was pulled out of its socket—took place in December 2000. These discrepancies were sufficiently glaring to be self-evident, and the IJ had no duty to solicit an explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 79–80 (2d Cir.2005).

Moreover, the government attorney during its cross-examination of Dylgjeri asked for explanations for several of the key discrepancies, and received explanations that were either nonresponsive or themselves contradictory. Under these circumstances, the IJ had no duty at that point to undertake further efforts at reconciliation, *see Zhi Wei Pang v. BCIS,* 448 F.3d 102, 110 (2d Cir.2006), and moreover, the IJ gave Dylgjeri's counsel an opportunity to address the inconsistencies further on redirect examination, but counsel declined. Therefore, Dylgjeri was given a full and fair opportunity to present his claim, and the discrepancies in his presentation were sufficient to support the adverse credibility finding, and consequent denial of asylum and withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir. 2003). Finally, Dylgjeri's CAT claim is dismissed for lack of jurisdiction, because he failed to exhaust his administrative remedies pursuant to 8 U.S.C. § 1252(d)(1) by raising it before the BIA. *See, e.g., Karaj v. Gonzales,* 462 F.3d 113, 119–120 & n. 3 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.